## COMMONWEALTH v. GEORGE E. CRUIKSHANK.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF INDIANA COUNTY.

Argued October 20, 1890—Decided November 3, 1890.

One who, in the daytime, enters a store when the owner is absent and it is in charge of a boy ten years of age alone, and by falsehood, threats and intimidation of the boy obtains money and goods from the store, may lawfully be convicted of a felony: See § 102, act of March 31, 1860, P. L. 408; § 2, act of April 22, 1863, P. L. 531.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 77 October Term 1890, Sup. Ct.; court below, No. 20 March Term 1890, Q. S.

On March 6, 1890, the grand jury returned as a true bill an indictment charging George E. Cruikshank, in the first count, with feloniously entering a certain store with the intent to commit a felony; in the second count, with feloniously entering said store with intent feloniously to steal, etc., certain articles

described ; in the third count, with the larceny of said articles. Issue.

At the trial on March 12, 1890, upon the close of the testimony, the court, WHITE, P. J., after referring to § 2, act of April 22, 1863, P. L. 531, charged the jury as follows :

Now, then, if you should find, from the evidence, that the defendant entered this building, with the intent by menaces, which is by threats, or by force, to demand any property of another, with intent to steal the same, he would be guilty of felony ; and stealing the same means, taking it with the spirit of a thief. Now, then, it must be done by threats or by force. An ordinary robbery is committed from the person of another ; but, if the goods are taken by threats, by menaces or by force, in the presence of another, it is an offence under this section of the statute.

Now, then, this force is what, this threat is what, in order to bring it within the spirit, indeed the letter, of the definition of this crime ? Any threat, our authorities indicate to us, any threat calculated to produce terror is sufficient ; and the circumstances under which it is made, under which the alleged threats are made, will be considered by the jury in discovering whether the intent to take the goods with the spirit of a thief existed or not. Now, then, if you find that the defendant entered this building with the intent of demanding by threats or getting by force these articles charged, then he could be found guilty on the first and second counts of the indictment.

[Then again, if he got the goods by intimidation, by menaces or by threats, actually got the goods from the person who had the custody of them there, that would be a stealing ; that would be getting them by such a fraud, by such a menace, as would amount to the offence of larceny ; and, notwithstanding they may have been given with the consent of the person who then had them in custody, still it would be what is called a constructive larceny, and he could be found guilty on the third count of the indictment.][7]

Now, gentlemen, how was this ? [The Commonwealth has called the boy Edgar Moorhead, who has so recently testified in your hearing the circumstances about his being left in the store, the time, the absence of his brother, what was in the

Arguments.

store, and the coming, by the defendant, into the store.   The boy says, substantially:  " The man said he was keeping a man, boarding him out at the farm; he would like to get some money for flour and coffee.   I told him I was not allowed to pay the money while my father was away.   He says, ' My God, you ought not to be afraid.'   Then he says, (repeating an oath not necessary for us to repeat,) ' I will take it.'   Then I got it and gave it to him; one silver dollar, a quarter, a dime, a nickle and two pennies.   Then he went on the other side of the room and pointed up and said, ' What is that?'   I said ' that is starch.'   He says, ' Give me a box of that.'   I gave him a box of that.   He went around and looked up and down and says, ' What is that?'   I says, ' Pepper. '   He says, ' Give me a box of that.'   I gave him the box.   Then he says he wanted two more boxes of starch and I gave them to him.   Then he went out of the door, and looked up and down and came in again and says, ' Aint your father got a revolver?'   I said he had. He said, ' Your father sold it to me.'   Afterwards he got it." Then you will recollect the circumstances under which the boy testifies that he gave it to him, and will recall the narration which the boy gives of the whole conversation that he had with the defendant, when passing upon the claim made by the Commonwealth that this conduct terrified him and was such a threat and menace as brought the offence under the ban of the statute, and made him guilty of felony, as indicating that the building was entered by him, the defendant, with the intent to commit such a felony.][10] . . . . .

The jury returned a verdict of guilty, generally.   A motion in arrest of judgment and a rule for a new trial having been discharged, sentence was passed, when the defendant took this appeal, specifying, inter alia, that the court erred:

7, 10. In the portions of the charge embraced in [ ] [7 10]

13. In refusing to state to the jury that false pretence was not a felony, when requested by counsel, before the jury was put in charge of a constable.

*Mr. D. B. Taylor* (with him *Mr. S. M. Jack*), for the appellant.

Counsel cited:  Wharton's Cr. Law, 8th ed., § 862;  2 Russell

on Cr., 9th ed., 189 ; Lewer v. Commonwealth, 15 S. & R. 96; Commonwealth v. White, 133 Pa. 182; Commonwealth v. Yerkes, 119 Pa. 271; Hale's P. C., 506; People v. Garbutt, 17 Mich. 9 (97 Am. Dec. 162); Penna. R. Co. v. Berry, 68 Pa. 278.

*Mr. George W. Hood* (with him *Mr. John M. Leech,* District Attorney), for the commonwealth.

Counsel cited: Hester v. Commonwealth, 85 Pa. 158; Zell v. Commonwealth, 94 Pa. 258; Ettinger v. Commonwealth, 98 Pa. 338.

PER CURIAM:

The ingenious and able argument of counsel has failed to satisfy us that the appellant was not a thief, as it failed to satisfy the jury below. If he was not a thief, he certainly acted like one. When a man goes into a store, in the absence of the owner and with only a child of ten years of age in attendance, and by a falsehood and threats of violence induces the child to hand over the money in the till, and some of the goods upon the shelves, he has a right to expect that a jury will convict him of larceny. It was urged, however, that there were no threats. That was for the jury. Aside from this, the evidence is that he took the revolver out of the drawer himself. The appellant was properly convicted.

The judgment is affirmed ; and it is now ordered that the appellant, George E. Cruikshank, forthwith surrender himself to the custody of the sheriff of Indiana county, in obedience to the sentence of the court below.